UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY COX,

Plaintiff,

-against-

ALL GOVERNMENTS IDENTIFIED IN SUIT,
ET AL.,

Defendants.

---

26-CV-0304 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is currently incarcerated in Auburn Correctional Facility, brings this *pro se* action alleging that Defendants violated his rights. By order dated April 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff did not submit an IFP application and prisoner authorization at the time he filed the complaint. By order dated January 20, 2026, Chief Judge Laura Taylor Swain directed him to cure this deficiency. (ECF 3.) The Court received Plaintiff's IFP application and prisoner authorization on March 19, 2026. This action was thereafter reassigned to the undersigned.

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against numerous public and private defendants, including the Federal Bureau of Investigation; the Central Intelligence Agency; "John Doe department informants"; "masons"; "pyramids"; "KKK"; the Knights Templar; the "Secret Service" of various countries, including Russia, China, Africa (sic), Haiti, and Cuba; and private companies, including Nike, Fila, Adidas, and Ford. (ECF 1, at 1.)

The following allegations are drawn from the complaint.[2] Plaintiff alleges that he has been falsely imprisoned due to "informants and other agencies who act as such abroad to effect Plaintiff civil complaint." (*Id.* at 2.) He asserts that Defendants have used "stages" to "make it seem as plaintiff [is] selling drugs" and that he "gave up suit in civil complaint." (*Id.*)

Plaintiff alleges that "[t]hese stages have deep history inwraped into everyone and place, thing, or people you see in the pass records and now (noun)." (*Id.*) Defendants "set the stage at

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

every point of history to rewrite law and take plaintiff person and in doing so put law in place to make sure all law and plaintiff person was set for the stage that mattered, plaintiff civil complaint and judgment through the courts." (*Id.*) Plaintiff maintains that "this person," possibly a reference to himself, "built the unfloor" as well as China, Russia, Africa, Israel, India, and the Middle East. (*Id.*)

> Plaintiff alleges,
>
> These stages started with people claiming rights to land and person or country usen plaintiff eye away from which one intended to help build one and country. By these parties abusing right it lays way for plaintiff to regain property as person. The thought process was to use plaintiff to build government and watch the growth of the people and overseer of will as property and person.

(*Id.*)

> Plaintiff further alleges,
>
> The massive spending is what raise the eye in all these countries when it comes to keeping people poor and unable to care for one self because of the stages the government set to take plaintiff will. The objective was to make everyone believe the plaintiff was unable to care for self and property and needed a overseer to hand with a pen and eye involved no one would have to go through what we all have because of the disbelief of the eye they wish to oversee.

(*Id.* at 4.)

> Furthermore,
>
> The government to work in the same stages that was set to break it down and destroy our belief in the eye because of what we see as they did with plaintiff as they flashed video everywhere that made people think plaintiff was a defilement and shouldn't own right to person or property and disregarded the eye and went straight interactive computer programming to trick people as if they did things or plaintiff did things they or plaintiff never did.

(*Id.* at 5.)

3

**DISCUSSION**

**A.    Plaintiff's Claims are Frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint is premised upon his belief that various governments throughout the world are using "stages" and "interactive computer programming" to make it appear that Plaintiff is engaging in criminal activities. A "[p]laintiff's beliefs—however strongly he may hold them— are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (stating that a complaint must set forth facts showing basis for

4

information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (explaining that even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with a narrative full of details of what he believes. Despite the details provided, Plaintiff has pleaded no factual predicate in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## B.     Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim

5

with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at \*7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    　 　 　 
　 　 New York, New York

_____
GEORGE B. DANIELS
United States District Judge

6